20-4239-cv
*Calhoun v. Borona et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
            EUNICE C. LEE,
                        *Circuit Judges.*

---

SHANNON L. CALHOUN,

            *Plaintiff-Appellee,*                              20-4239-cv

            v.

CHRISTOPHER J. BORONA, OFFICIAL AND
INDIVIDUAL CAPACITY, JOSEPH MORALES, SGT.,
OFFICIAL AND INDIVIDUAL CAPACITY, JOHN DOE,
K9 OFFICER, OFFICIAL AND INDIVIDUAL CAPACITY,
DENNIS MARTINEZ, OFFICIAL AND INDIVIDUAL
CAPACITY, JASON AMATO, OFFICIAL AND
INDIVIDUAL CAPACITY, MARK BLACKWELL, OFFICIAL
AND INDIVIDUAL CAPACITY,

            *Defendants-Appellants.*

---

**FOR PLAINTIFF-APPELLEE:**            ERSKINE D. MCINTOSH, Hamden, CT.

**FOR DEFENDANTS-APPELLANTS:**        RAYMOND J. RIGAT, Clinton, CT.

1

Appeal from an order of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 10, 2020 order of the District Court be and hereby is **AFFIRMED.**

Plaintiff Shannon Calhoun ("Calhoun") brought suit against six officers of the Bridgeport Police Department (together "Defendants") involved in the warrantless entry and search of his residence. His operative amended complaint alleges violations of his Fourth Amendment rights under 42 U.S.C. § 1983, as well as violations of the Constitution of Connecticut and Connecticut statutory and common law crimes under 28 U.S.C. § 1367. Defendants filed a motion for summary judgment on the grounds of qualified immunity. The District Court (Dominic J. Squatrito, *Judge*) denied the motion, and Defendants appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is deemed an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "[A]s long as the defendant can support an immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution, an interlocutory appeal is available to assert that an immunity defense is established as a matter of law." *Lynch v. Ackley*, 811 F.3d 569, 576 (2d Cir. 2016) (citation omitted). Our review of the District Court's denial of a motion for summary judgment based on qualified immunity is *de novo*, construing the facts in favor of the non-moving party. *See Tellier v. Fields*, 280 F.3d 69, 79 (2d Cir. 2000)

"[Q]ualified immunity shields federal and state officials from money damages unless the plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Francis v. Fiacco*, 942 F.3d 126, 139 (2d Cir. 2019) (internal quotation marks and alterations omitted). *See also Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Therefore, "a police officer is entitled to qualified immunity where . . . it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (internal quotation marks omitted).

Defendants argue that their warrantless entry into Calhoun's residence was justified by exigent circumstances and that their warrantless search of the residence was justified as a "protective sweep." In the alternative, they argue that their belief in the lawfulness of their actions was objectively reasonable, and that they are therefore entitled to qualified immunity. Reviewing the record and construing it in Calhoun's favor, we disagree.

2

## CONCLUSION

We have reviewed all of the arguments raised by Defendants on appeal and find them to be without merit. For the foregoing reasons, the District Court's December 10, 2020 order is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk